a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
DIVISION

| | |
|---|---|
| KENNETH KEITH MILTON, Plaintiff | CIVIL DOCKET NO. 1:23-CV-1113 |
| VERSUS | JUDGE ROBERT R. SUMMERHAYS |
| RAPIDES PARISH SHERIFF'S OFFICE, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a civil rights Complaint under 42 U.S.C. § 1983 filed by pro se Plaintiff Kenneth Keith Milton ("Milton"). ECF No. 1. Milton is incarcerated at the Rapides Parish Detention Center in Alexandria, Louisiana. He seeks monetary damages and asks that he not be required to register as a sex offender.

Because Milton's Complaint (ECF No. 1) is untimely, it should be DENIED and DISMISSED WITH PREJUDICE.

I.  Background

Milton alleges that he was wrongfully required to register as a sex offender when he was released from Winn Correctional Center in 2007. ECF No. 1 at 3. He failed to register, so his parole was revoked. *Id.* Milton was released from jail again in 2008. He claims, however, that he registered as a sex offender but failed to pay the sum of money required. *Id.* Therefore, he was incarcerated for another six months. *Id.*

1

Milton states that documents were falsified in 2008 or 2009, which required him to register. Milton asserts that he registered as a sex offender to avoid additional incarceration, despite his belief that he was not required to register. *Id.*

Milton became incarcerated again on an unspecified date for unknown charges. He states that he was participating in a re-entry program in 2022 and spoke with Lt. Richardson about the registration requirement. ECF No. 1 at 4-5. Upon his release, Milton attempted to register, but was told by Mr. Capelle that he was not going to make Milton register. ECF No. 1 at 5.

When Milton's parole officer, Mr. Lane Norman, learned that Milton had not registered, he "put [Milton] in jail for a few days." ECF No. 1 at 5. Mr. Capelle then retracted his statement and informed Milton he needed to register. *Id.*

In 2023, Milton was arrested, and his parole was revoked for failing to register. *Id.* at 6.

II. <u>Law and Analysis</u>

    A. <u>Milton's Complaint is subject to preliminary screening.</u>

Because Milton is suing officers or employees of a governmental entity and proceeding in forma pauperis, his Complaint is subject to preliminary screening under 28 U.S.C. § 1915A and § 1915(e)(2). Both statues provide for sua sponte dismissal of a complaint, or any portion thereof, if a court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). The Fifth Circuit has held that a complaint lacks an arguable basis in fact when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Id.* (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) (internal quotation marks omitted)). In other words, during the initial screening under § 1915A, a court may determine that a prisoner's complaint is frivolous if the facts alleged are clearly baseless, fanciful, fantastic, delusional, or otherwise rise to the level of the irrational or the wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992).

A complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim that is plausible on its face, and thus does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim has factual plausibility when the pleaded factual content allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010). Plausibility requires more than the mere possibility that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556.

Although all well-pleaded facts are taken as true, the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Whatley v. Coffin*, 496 F. App'x 414 (5th Cir. 2012) (unpublished)

(citing *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Crucially, while the federal pleading rules do not require "detailed factual allegations," the rule does "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id.*

### B. Milton's claim is prescribed.

"[W]here it is clear from the face of a complaint filed in forma pauperis that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed [as frivolous]." *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993); *accord Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999); *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019-20 (5th Cir. 1998); *Slack v. Carpenter*, 7 F.3d 418, 419 (5th Cir. 1993).

Section 1983 does not contain an express limitations period. The Supreme Court has held that courts "should borrow the state statute of limitations for personal injury actions." *Owens v. Okure*, 488 U.S. 235, 236 (1989) (citing *Wilson v. Garcia*, 471 U.S. 261 (1985)). In Louisiana, that period is one year. La. C. C. art. 3492.

Federal law determines the date Louisiana's one-year prescriptive period commences. *See Piotrowski v. City of Houston*, 51 F.3d 512 (5th Cir. 1995); *Longoria v. City of Bay City*, 779 F.2d 1136 (5th Cir. 1986). "Under federal law, a cause of

4

action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Slack*, 7 F.3d at 419 (quoting *Gartrell*, 981 F.2d at 257).

Milton acknowledges that when he was released from Winn Correctional Center in 2007 and 2008, he was required to register as a sex offender. He alleges that in 2008, he was informed that he should not have been required to register. And he allegedly knew of documents being falsified in 2008 or 2009. Therefore, Milton's cause of action accrued, at the latest, in 2009. Nonetheless, he did not file this lawsuit until 2023, well after his cause of action accrued.

Thus, even given its broadest construction Milton's claim is time-barred. *See Fortenberry v. Bd. of Pardons & Parole*, 7:15-CV-167, 2018 WL 9734154, at *2 (N.D. Tex. Oct. 9, 2018) (citing *Ivie v. Abbott*, 578 F. App'x 402, 403 (5th Cir. 2014) (affirming dismissal as time-barred plaintiff's claim that he was denied due process when the trial court failed to admonish him, prior to his guilty plea, that he would be required to register as a sex offender); *Comeaux v. Texas Bd. of Pardons & Paroles*, No. 14-CV-2293, 2014 WL 11600892, at *1 (S.D. Tex. Dec. 4, 2014) (finding time-barred plaintiff's claim that his sex offender registration requirement was an unlawful ex post facto violation); *Owens v. Abbott*, No. 3-12-CV-1576, 2012 WL 12893393, at *2 (N.D. Tex. June 13, 2012), *rec. adopted*, 2012 WL 12893043 (N.D. Tex. June 29, 2012) (finding that plaintiff's claim of unlawful sex offender registration accrued on the date he was ordered to register, which was nine years prior to filing suit, and was therefore time-barred); *Tippett v. Foster*, No. 3:10-CV-0744, 2010 WL 2891119, at *2 (N.D. Tex. June 16, 2010), *rec. adopted*, 2010 WL 2912248 (N.D. Tex.

July 19, 2010) (dismissing plaintiff's claim that he was forced to register as a sex offender without proper notice or other procedural safeguards as time-barred; cause of action accrued on the date he was ordered to register)).

### III. Conclusion

Because Milton's claim is untimely, IT IS RECOMMENDED that the Complaint (ECF No. 1) be DENIED and DISMISSED WITH PREJUDICE under §§ 1915 and 1915A.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Monday, November 6, 2023.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE